IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY L. BROOKINS,

    Plaintiff,                    No. CIV S-06-0150 FCD DAD P

    vs.

LIEUTENANT COOK, et al.,         ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with this action. Plaintiff's initial filing was liberally construed as a civil rights complaint. By order filed January 30, 2006, plaintiff was granted thirty days to pay the required filing fee or submit a properly completed application to proceed in forma pauperis. Plaintiff was cautioned that his failure to comply with the order would result in a recommendation that this action be dismissed. Plaintiff has filed an incomplete application to proceed in forma pauperis, as well as an amended complaint and a document titled "Statement of Claim."

        It is now evident that plaintiff commenced this action in the wrong court. In his amended complaint, plaintiff complains of events that occurred at Centinela State Prison in 1999. He names as defendants the warden of Centinela State Prison along with three doctors, a nurse, and two correctional lieutenants, all employed at Centinela State Prison. Plaintiff seeks to hold

these individuals responsible for the events that occurred at Centinela in 1999 as well as ongoing problems caused by or flowing from those events.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, the defendants are employed in the Southern District of California. A substantial part of the events or omissions giving rise to plaintiff's claims occurred in the Southern District of California. For these reasons, plaintiff's claims should have been filed in the United States District Court for the Southern District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974). The plaintiff in this case commenced the action by filing a pleading so defective the court was unable to discern the venue problem, and plaintiff has failed to comply with the court's order requiring him to pay the filing fee or file a properly completed in forma pauperis application. This action should be dismissed without prejudice to the filing of a new action in the Southern District.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's February 27, 2006 application to proceed in forma pauperis is denied because the certificate section of the form has not been completed by a prison official and the attached trust account statement is not a certified copy; and

IT IS RECOMMENDED that this action be dismissed without prejudice to the filing of a new action in the United States District Court for the Southern District of California.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within

1  twenty days after being served with these findings and recommendations, plaintiff may file
2  written objections with the court.  A document containing objections should be titled "Objections
3  to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
4  objections within the specified time may, under certain circumstances, waive the right to appeal
5  the District Court's order.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: April 25, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
broo0150.56venue

3